# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00013-CV

---

**In re Caitlin Ariel Williams**

---

### ORIGINAL PROCEEDING FROM BURNET COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of the trial court's order denying relator's motion to transfer the underlying suit affecting the parent-child relationship under Section 155.20l(a) of the Texas Family Code. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

To obtain mandamus relief, the relator must demonstrate that the lower court committed a clear abuse of discretion and that there is no adequate remedy at law, such as a normal appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Additionally, although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.3d 366, 367 (Tex. 1993) (orig. proceeding). One such equitable principle is that "equity aids the diligent and not those who slumber on their rights." *Id*. Thus, delay in filing a petition for writ of mandamus may waive the right to mandamus relief unless relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding). Even delay of only a few months and mandamus relief requested on

the eve of a trial setting without explanation can constitute laches and result in denial of mandamus relief. *In re Dryden Co.*, No. 05-20-00028-CV, 2020 WL 205314, at*1 (Tex. App.—Dallas Jan. 14, 2020, orig. proceeding) (mem. op.) (citing *Rivercenter Assocs.*, 858 S.W.2d at 366).

Here, the complained-of order was entered December 13, 2024, but relator's petition to this Court was filed at 4:05 p.m. on Friday, January 10, 2025—less than an hour before close of business on the last business day before the final hearing set for January 13, 2025. Moreover, although temporary orders of the sort complained of here are not ordinarily appealable, the imminence of the final hearing in this case suggests that relator will be able to appeal the trial court's disposition of this matter in the near future.

Accordingly, without reaching the merits of relator's asserted ground for relief, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis
  Dissenting Opinion by Justice Kelly

Filed:   January 15, 2025

2